IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THEODORE C. SKOKOS, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:12-CV-4344-D |
| VS. | § |
| | § |
| BRUCE DANIELS, M.D., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Theodore C. Skokos and The Ted and Shannon Skokos Foundation move under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this removed action without prejudice, contending that they do not wish to continue prosecuting this suit out of concern that they will be unable to collect any judgment that they obtain. Defendant opposes the motion. For the reasons that follow, the court grants the motion on the condition that plaintiffs pay defendant his taxable court costs.

I

This is a removed case in which plaintiffs bring claims for fraud and fraud in the inducement, negligent misrepresentation, and violation of the Texas Securities Act against defendant Bruce Daniels, M.D. ("Dr. Daniels") in connection with his alleged efforts to induce them to invest in a company called Vascular Health Sciences, LLC, which allegedly had the worldwide rights to manufacture, market, and sell Provasca. Plaintiffs filed a lawsuit in Texas state court on September 26, 2012. Dr. Daniels removed the case to this

court on October 29, 2012.

Plaintiffs now move for voluntary dismissal without prejudice under Rule 41(a)(2) on the ground that they are concerned that they will be unable to collect a judgment from Dr. Daniels and therefore that continued expenditures to pursue this lawsuit at this time are not economically warranted. They request that the case be dismissed without prejudice because they might refile the lawsuit if circumstances change. Dr. Daniels opposes the motion. He maintains that the lawsuit is at a late stage and that he would be prejudiced by a dismissal without prejudice because he has exerted significant time and money to defend against plaintiffs' lawsuit and dismissal would deprive him of an opportunity to seek a resolution of the merits in this forum. Alternatively, he requests that the court condition dismissal on payment of his costs and reasonable attorney's fees.

II

A

Under Rule 41(a)(2), after a defendant has answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

> As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Legal prejudice exists where dismissal causes the non-movant to be stripped of an otherwise available defense. Dismissal can also cause legal prejudice when a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort.

*Tex. Midstream Gas Servs., L.L.C. v. City of Grand Prairie*, 2010 WL 3565232, at *2 (N.D.

Tex. Sept. 8, 2010) (Fitzwater, C.J.) (citations, quotation marks, and brackets omitted). Dismissal should also be refused where the defendant demonstrates: "(1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.). And "[o]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." *Id.* But absent prejudice to the defendant, "courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue. Instead, the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant ." *Id.* at 204 (citation omitted) (noting that such conditions will vary depending on circumstances of case).

B

The court concludes that permitting plaintiffs to dismiss this action without prejudice will not cause Dr. Daniels to suffer some plain legal prejudice other than the mere prospect of a second lawsuit. There is no indication in the record that he will be stripped of an otherwise available defense. Plaintiffs have not waited to seek dismissal until a late stage of the case, after Dr. Daniels has exerted significant time and effort. Dr. Daniels has not demonstrated that dismissal will preclude the court from deciding a pending case or claim-dispositive motion because no such motion is pending. Nor does the court find that there is an objectively reasonable basis for Dr. Daniels to request that the merits of the action be resolved in this forum in order to avoid legal prejudice. Very little substantively has

transpired so far in this litigation. Only a handful of pleadings have been filed, and many have been of a procedural nature or have related to discovery. In fact, the most substantive dispute presented for the court's decision has been plaintiffs' instant Rule 41(a)(2) motion. And while some discovery has taken place, it will translate to a subsequent lawsuit. As the court suggested in *Radiant Technology*, even if discovery will *not* translate to a successive lawsuit, the appropriate court action is to condition dismissal on the requirement that the plaintiff pay the attorney's fees and costs that are not translatable, not to deny dismissal outright. *See Radiant Technology*, 122 F.R.D. at 205 ("AMWC indicates that it desires to dismiss this case in order to pursue an action against Wal-Mart in Texas state court. The appropriate condition for dismissal . . . is to require that AMWC pay the attorney's fees and costs incurred by Wal-Mart that will not translate to the state court action."). In fact, considering the stage at which plaintiffs' motion is brought, the proceedings that have transpired, and the absence of a prior substantive ruling or pending merits-related motion, this case presents a far easier one for granting conditional dismissal without prejudice under Rule 41(a)(2) than have others that the court has decided previously.

C

The next question is whether dismissal should be conditioned. Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2010 WL 1491422, at *7 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.). "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the

- 4 -

defendant." *Cranford v. Morgan S. Inc.,* 333 Fed. Appx. 852, 855 (5th Cir. 2009) (per curiam). A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous[.]" *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). Dr. Daniels requests, *inter alia*, that, if the court allows plaintiffs to dismiss their lawsuit, it condition dismissal on their payment of his costs and expenses, including attorney's fees. Plaintiffs recognize in their reply brief that the court can impose conditions on dismissal, although they maintain that the court should not require that they pay attorney's fees, and that the condition that they pay Dr. Daniels' costs should take effect only if they file a subsequent lawsuit. *See* Ps. Reply Br. 6.

The court concludes that plaintiffs should be required to pay Dr. Daniels' taxable costs of court but not his attorney's fees and expenses. "When establishing conditions for a voluntary dismissal, 'usually the district judge at least should require that the plaintiff pay the costs of the litigation.'" *Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *4 (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, at 527 (3d ed. 2008) (noting that such practice "has become commonplace")). The court declines, however, to require that plaintiffs pay Dr. Daniels' attorney's fees. "[S]uch fees are not always justified, and the circumstances of the particular case will dictate when they should be awarded." *Id.* As in *Texas Midstream Gas Services*,

> Considering the circumstances of this case, the court concludes that [plaintiffs ] should not be required to pay [Dr. Daniels'] attorney's fees, which would be a departure from the American

> Rule that each party pays its own fees. [Dr. Daniels has] not established that [he] would be entitled to recover [his] attorney's fees from [plaintiffs] if [he] were to prevail in this case on the merits, and the court will not order [plaintiffs] to pay attorney's fees as a condition of voluntary dismissal.

*Id.*

\* \* \*

The court therefore grants plaintiffs' motion on the condition that they pay Dr. Daniels' taxable costs of court. Within 14 days of the date this memorandum opinion and order is filed, plaintiffs must inform the court in writing whether they accept this condition. If they do, the court will enter judgment dismissing this case without prejudice, on the condition that plaintiffs pay Dr. Daniels' taxable costs of court. If plaintiffs do not accept dismissal on this condition, the litigation will continue.

**SO ORDERED**.

December 16, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE